IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

APPLICATION AND AFFIDAVIT FOR SEARCH AND SEIZURE WARRANT

I, Corporal Kyle Simms #5775, of the Maryland State Police, the Affiant, being duly sworn, request the issuance of a Search and Seizure Warrant and states as follows:

1. **APPLICATION AND VIOLATIONS OF LAW**

   The Affiant hereby makes application to *Michael R. Pearson* a Judge of the Circuit/District Court for Prince George's County, Maryland for a Search and Seizure Warrant on the grounds that there is probable cause, the basis of which is set forth in the following affidavit which is attached hereto and made a part thereof, to believe that there is property subject to seizure under the laws of this State and more particularly in violation of Criminal Law Article, Section CR 2-201 and CR 2-204.

2. **DESCRIPTION OF THE PLACE, PERSON, OR MOTOR VEHICLE TO BE SEARCHED:**

   This Application and Affidavit are made to obtain authority to search the residence described below:

   The residence to be searched is located at **10301 Bristolwood Court, Laurel, Prince George's County Maryland 20708**. The residence is described as a two story split level single family home, with brick siding, brown roof, red shutters, and a red front door. Displayed above the garage to the residence are the numbers "10301".

3. **AFFIANT'S TRAINING AND EXPERIENCE:**

   In support of this application for a search and seizure warrant, your Affiant Corporal Kyle Simms #5775 being duly sworn attests to the following:

The name of your affiant is **Corporal Kyle A. Simms** of the Maryland State Police, currently assigned as an investigator to the Maryland State Police Homicide Unit.

Your Affiant Simms attended and graduated from The Pennsylvania State University, located in State College Pennsylvania in May 2008 with a Bachelor of Science degree in Crime, Law, and Justice. While a student at The Pennsylvania State University, your Affiant Simms successfully completed multiple courses of study to include: constitutional law, search and seizure, state and local law, criminal law, juvenile law, business law, crime statistics, deviant behavior, psychology, administration of justice, interview and interrogation, and forensic science.

Your Affiant Simms attended and graduated from the Eastern Shore Institute of Criminal Justice, located in Salisbury Maryland in June 2008 and was certified by the Maryland Police Training Commission as a Police Officer with the Ocean City Police Department until February

**15**

2010.  Your Affiant Simms then attended and graduated from the Maryland State Police Academy located in Sykesville, Maryland in July of 2010 and is certified by the Maryland Police Training Commission as a Police Officer.

Your Affiant Simms has been a duly constituted law enforcement officer in the State of Maryland for over eight years, and has been regularly assigned to the Maryland State Police's Criminal Enforcement Division – Homicide Unit.  Your Affiant Simms was previously assigned to the State Police Centreville Barrack road patrol division for approximately one year and three months.  Your affiant was then assigned to the Centreville Barrack Criminal Investigation Section for approximately one year and four months before being transferred to the Criminal Enforcement Division – Upper Shore.  After an additional four years in the Criminal Enforcement Division – Upper Shore, your affiant was transferred to his current assignment with the Criminal Enforcement Division  - Homicide Unit.

Upon graduation from the Maryland State Police Academy, Your Affiant Simms was assigned to uniform patrol at the Centreville Barrack located in Centreville, Queen Anne's County, Maryland for approximately one year and three months.  This portion of Your Affiant's duties as a uniformed member of the Maryland State Police, your Affiant Simms conducted numerous investigations involving Controlled Dangerous Substances and made numerous arrests for drug violations and seizures of Controlled Dangerous Substances, including but not limited to: Marijuana, Cocaine, Crack Cocaine, Heroin, and OxyContin.  Your Affiant's testimony in these types of investigations has led to convictions in court.

While assigned as a uniformed police officer for the Maryland State Police, your Affiant Simms received mandated in-service training in addition to that taught in the police academy which dealt with the following: The interdiction of Controlled Dangerous Substances on the highways of Maryland, laws regulating Search and Seizure, the identification of Controlled Dangerous Substances, and the use of technology in criminal investigations.

Your Affiant has written, executed, and assisted in several search and seizure warrants which have led to the recovery of evidence and convictions.  Your Affiant has conducted investigations including but not limited to; murder, manslaughter, assaults, burglaries, thefts, frauds, identity thefts, rape, kidnapping, robbery, embezzlement, child abuse, controlled dangerous substances and other criminal offenses that has led to the arrest and convictions of the responsible defendants.

## 4.   PROBABLE CAUSE (FACTUAL BASIS)

Since this affidavit is being submitted for the limited purpose of obtaining authorization to search the specified location, your affiant has not included each and every fact known to him concerning this ongoing investigation.  Your Affiant has set forth the facts that he believes are essential to establish the necessary foundation for the search warrant.

The facts that establish probable cause for the issuance of a Search and Seizure Warrant are as follows:

On Thursday, 04/12/18 at approximately 6:30 PM, Troopers with the New York State Police took a report of a missing person identified as Noah Walter Smothers (W/M DOB: 07/13/1995) of Susquehanna, Pennsylvania.  The New York State Police took the missing person's report because it was reported by the victim's parents who reside in Binghamton New York. Preliminary investigation revealed that Noah Smothers was heavily involved in the trafficking of marijuana, cocaine and ecstasy.  His parents stated that Smothers would frequently stay in "Air BNB" rooms in whatever town that he was conducting his business in; and further stated that he traveled up and down the east coast of the United States selling drugs at various college campuses.  His parents learned that Noah had traveled to the Baltimore Maryland area prior to their last contact with him.  They stated that he traveled to Baltimore on 4/5/18 and was last heard from on 4/6/18.  They said that since his latest drug transaction he has had no activity on his cellular telephone, his bank accounts, or social media and this was extremely concerning to them as he uses his bank account and cell phone daily.  His parents told Troopers that Noah was scheduled to meet with an individual they identified only as "Tae" and his uncle from Baltimore Maryland in regards to a sale of cocaine when he disappeared.  Additionally, Smothers was known to use a storage facility in Laurel Maryland to store his narcotics prior to sale.  After Smothers' disappearance, the storage locker was accessed on 4/7/18, 4/8/18, and 4/12/18.  The lock to Smothers' storage unit was cut twice, and the entire contents of the unit was taken.  Video surveillance of the suspects who took the property was viewed, and it was not Smothers who accessed the unit, although Smothers' pin to the facility was used to gain entry.  The vehicle seen entering the storage facility was identified as a light colored newer Nissan Altima, although due to lighting and the fact that the suspects had removed the vehicle's front license plate, the exact identity of this vehicle could not be ascertained at this time.

Due to Noah's last known location to have been in Maryland, the New York State Police contacted the Maryland State Police for assistance.  It was learned that the victim drove to Maryland in a rented vehicle, a 2017 Kia Sportage bearing Ohio registration "HCK3975".  This vehicle was rented from Enterprise by Smothers' car insurance company who was replacing his vehicle which was being serviced for damage.  On 4/26/18, Smothers' rental car was located at the Dickey Hill Apartments, located in Baltimore Maryland.  A review of video surveillance from

**17**

this apartment complex showed Smothers' Kia Sportage rental car pulling into a parking lot at the apartment complex at approximately 4:00 AM on 4/7/18; a few hours after Smothers' last contact and meeting with "Tae" and Tae's uncle. The Kia Sportage is being followed into the parking lot by a light colored Nissan Altima. The driver of the Kia Sportage exits the vehicle and does not appear to be Smothers, who is described as being 6'6" tall weighing over 200lbs, the operator of the vehicle appears to be much smaller than this and appears to have a darker complexion, although the video is not of sufficient quality to get a positive identification of the operator. The driver of Smothers' vehicle begins to wipe the interior of the vehicle down with a white towel, and then gets into the passenger seat of the Nissan Altima that followed the car into the parking lot. The license plate of the Nissan Altima was identified as Massachusetts registration "5XY974" which was rented through Enterprise. Enterprise records show that the vehicle was rented by a Scott Anthony Williams (B/M DOB: 02/25/1976) of Laurel Maryland. A search of Scott Williams' information showed that he lives at **10301 Bristolwood Court, Laurel, Prince George's County Maryland 20708** and owns vehicles which are registered to this address. Also listed as an occupant of this residence was an individual by the name of Taeyan Raymond Williams (B/M DOB: 11/18/1994) whom is believed to be the "Tae" that Smothers was supposed to be meeting. A search of Maryland Real Property Data show that the residence was purchased by an individual by the name of Carl Williams in 2013. Carl Williams is listed as a relative of Scott Williams in database searches. This same database shows that Carl Williams now lives at a different address in Silver Spring despite maintaining ownership of the Bristolwood Court address. Physical surveillance was conducted at **10301 Bristolwood Court, Laurel, Prince George's County Maryland 20708.** Parked in the driveway to the residence was a 2005 Porsche registered to Scott Williams of **10301 Bristolwood Court, Laurel, Prince George's County Maryland 20708.**

Once Smothers' rental car was located in Baltimore, it was towed by Enterprise to their facility at BWI airport. MDTA Police was asked to process the vehicle for evidence related to the missing person's investigation and noted that the vehicle's interior appeared to have been wiped down with some sort of cleaning solution that left behind a residue. The vehicle was later seized and searched by the Maryland State Police and a significant quantity of suspected

**18**

blood was found in the rear of the vehicle.  The blood appeared on the carpet of the trunk and back of rear seats which were folded down, in an approximately 5 foot long area that was consistent with the size and shape of a human body.  The fluid was tested and a presumptive positive test for the presence of blood was indicated.

Smothers' family hired a private investigator to aid in the search for their son.  The family provided a phone number for "Tae" that they got from an associate of Smothers as the person whom he was supposed to meet in Baltimore.  The private investigator called the phone number given by the family, and the person who answered the phone acknowledged that his name was "Tae".  "Tae" denied knowing anyone by the name of Noah Smothers, and he was sent a photograph of Smothers by the private investigator.  Once the photograph was sent to "Tae", he failed to answer any more of the private investigators phone calls or text messages or respond to whether he knew the person or not.

As the investigation continued in Smothers' disappearance, the New York State Police received results of Smothers' last known cell phone "ping".  This ping showed that Smothers' phone was last active on 4/6/18 at 1:58 PM and showed GPS coordinates of 39.05587, -76.82356.  These GPS coordinates plot into a field owned by the Patuxent Environmental Science Center located in Laurel Maryland.  A preliminary search of this property near the location of the GPS coordinates was conducted and no items of evidence were located.  A further search of these coordinates showed that they were approximately 1200 feet from Scott and Taeyan's residence of **10301 Bristolwood Court, Laurel, Prince George's County Maryland 20708.**  Additional records received from Smothers' cell phone carrier place his cell phone even closer to the residence on Bristolwood Court at other times of the day.  An associate of Smothers' stated that Smothers may have been staying at Taeyan's residence when he went missing.

Your Affiant knows through his training, knowledge, and experience as a Law Enforcement Officer that cell phone records including cell tower data and GPS coordinates are only estimations of a phone's location, and the data often comes with a tolerance for accuracy.  In your Affiant's experience, this ping being approximately 1200 feet from the primary suspect's

residence is within the range of deviation commonly seen in such data.  Your Affiant believes that this GPS coordinate shows that Smothers himself, or at least his cellular telephone, was at the Williams residence located at **10301 Bristolwood Court, Laurel, Prince George's County Maryland 20708.**  Your Affiant therefore requests a search and seizure warrant for the premises to locate Smothers, his remains, or his personal property.

Due to the circumstances of the investigation, including the victim's involvement in the highly violent world of large scale narcotics trade, lack of communication with known associates, no telephone activity, and no bank activity, it is believed at this time that Smothers was killed.  Smothers' body has not been located at this time, but a significant quantity of suspected blood was located in the trunk of his vehicle, and a substantial effort has been mounted for the suspects to cover up their involvement in the victim's disappearance, including emptying the victim's storage locker, "dumping" his rental car at an apartment complex far from his last known location, destruction of evidence inside of the victim's rental car, and Taeyan's denial of knowing or having contact with Smothers to a private investigator.

Smothers' parents told investigators that Noah was in possession of a green duffel bag, two black Swiss brand backpacks, and a black cloth rolling luggage bag when he left the area for Maryland.  None of this property was located in his rental car.  Additionally, Smothers was known to be in possession of his cellular telephone, an Apple iPhone, keys to his rental car, driver's license, and Capital One credit card.  None of this property was located either.  The only items of evidence located by police were located in Smothers' rental vehicle and include a pair of boots, a black comb, a water bottle, and miscellaneous paperwork including receipts. Smothers was also allegedly in possession of cocaine and was showing "samples" to Taeyan Williams.  Smothers was also known to have approximately 100 pounds of marijuana in the storage locker which is believed to have been stolen by Taeyan or Scott Williams around the time of Smothers' presumed death.

Your affiant knows through his training, knowledge, and experience as a police officer that individuals involved in criminal activity will secrete items of evidentiary value in their residence. More specifically in this case, your affiant is searching for the victim's body, any personal

**20**

affects, controlled dangerous substances, cellular telephones, and car keys.  Your affiant will also be searching for any evidence of the murder amongst William's property such as weapons, firearms, ballistics evidence, bodily fluid, blood, DNA, gunshot residue, or other natural materials in relation to Smothers' death.

5.  **JUSTIFICATION FOR THE PLACE TO BE SEARCHED AND ITEMS TO BE SEIZED.**
    Probable cause for this issuance of this Search and Seizure Warrant are as follows:

    Based on my training, knowledge, and experience as a Police Officer, and the facts herein, I believe Taeyan and Scott Williams are involved in the disappearance, murder, and attempts to secrete the crime of murder of Noah Smothers.  Additionally, I believe that evidence of the crimes may still be present at the residence of Taeyan and Scott Williams as described above.  Smothers was scheduled to meet with Taeyan Williams and his "uncle" on the day that he went missing.  Smothers' cell phone's last known location was identified to be in the immediate vicinity of Williams' residence.  Smothers' rental vehicle was driven to an apartment complex in Baltimore Maryland and thoroughly cleaned by the suspect driving the vehicle before getting into a vehicle rented by Scott Williams.  The victim's rental vehicle which was abandoned by the Williams' contained a substantial amount of blood in the trunk, which is believed to have been left by Smothers when his body was transported by the suspects.  A vehicle identified as the same color, body style, make, and model as the vehicle rented by Scott Williams and previously involved in the investigation was seen entering Smothers' storage facility using Smothers' pin, and stealing a large quantity of drugs from the locker.  The rental vehicle was then returned to Enterprise and swapped out for a similar Nissan Altima.

6.  **DESCRIPTION OF THE ITEMS TO BE SEIZED**
    -   Any controlled dangerous substances and paraphernalia

**21**

- Open and search any safes, boxes, bags, luggage, compartments, or things in the nature thereof, found in or upon said persons and premises which may contain; any paperwork, receipts, personal effects, or property related to the crime of murder

- All evidence, property, papers, evidentiary items, photographs, videotapes, records, receipts, or bills used in or incidental to the conduct or operation of murder or CDS violations found in or upon said premises and persons, or found in close proximity

- Cellular telephones, computers, tablets, or other electronic devices capable of storing, sending, or receiving communications or data

- All items belonging to or suspected to belong to the victim, including but not limited to: Clothing, jewelry, shoes, backpack, duffel bag, luggage, controlled dangerous substances, keys, cell phone, identification or other personal affects

- All clothing or footwear believed to be worn by the suspects during the crime

- Any biological or DNA evidence including but not limited to: Blood, saliva, DNA, fingerprints, or other bodily fluid

- Any weapons, objects or devices suspected to be involved in the crime of murder including any ammunition, holsters, sheaths, cases, cleaning kits that accompany said weapon

- Any outbuildings or vehicles located on the property

- Seize, view, and analyze by persons qualified to do so, in a laboratory setting if needed, all evidence recovered from the aforementioned evidence

For all of the forgoing reasons, I respectfully request that you issue a Search and Seizure Warrant for the above described property authorizing the search/seizure of the described items.


I DO SOLEMLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING DOCUMENT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

**22**

*Cpl. Kyle Simms*

**Affiant's Signature**

*Cpl. Kyle Simms #5725*

**Affiant's Printed Name and ID#**

Reviewed for Legal Sufficiency by:

**State's Attorney**

SUBSCRIBED AND SWORN BEFORE ME IN MY PRESENCE ON THE _5_ DAY OF _June_ 2018.

_3:12 p_ TIME

**JUDGE**

*Michael R. Pearson*

**JUDGE'S PRINTED NAME**

23

IN THE CIRCUIT/DISTRICT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

SEARCH AND SEIZURE WARRANT

TO: CPL Kyle Simms #5775, Maryland State Police

Upon reviewing the Application and the accompanying Affidavit of Cpl. Simms, Maryland State Police, which are incorporated into this warrant, I find there exists probable cause to issue this Search and Seizure Warrant.  You are therefore commanded with the necessary and proper assistants to search forthwith the following place, person, and/or motor vehicle and seize the following specified items:

1. **You shall conduct a search on the residence described below:**
   The residence to be searched is located at **10301 Bristolwood Court, Laurel, Prince George's County Maryland.**  The residence is described as a two story split level single family home, with brick siding, brown roof, red shutters, and a red front door. Displayed above the garage to the residence are the numbers "10301".

2. **You shall seize the following items, evidence, and/or contraband:**
   - Any controlled dangerous substances and paraphernalia
   - Open and search any safes, boxes, bags, luggage, compartments, or things in the nature thereof, found in or upon said persons and premises which may contain; any paperwork, receipts, personal effects, or property related to the crime of murder
   - All evidence, property, papers, evidentiary items, photographs, videotapes, records, receipts, or bills used in or incidental to the conduct or operation of murder or CDS violations found in or upon said premises and persons, or found in close proximity
   - Cellular telephones, computers, tablets, or other electronic devices capable of storing, sending, or receiving communications or data
   - All items belonging to or suspected to belong to the victim, including but not limited to: Clothing, jewelry, shoes, backpack, duffel bag, luggage, controlled dangerous substances, keys, cell phone, identification or other personal affects
   - All clothing or footwear believed to be worn by the suspects during the crime
   - Any biological or DNA evidence including but not limited to: Blood, saliva, DNA, fingerprints, or other bodily fluid

**24**

- Any weapons, objects or devices suspected to be involved in the crime of murder including any ammunition, holsters, sheaths, cases, cleaning kits that accompany said weapon
- Any outbuildings or vehicles located on the property
- Seize, view, and analyze by persons qualified to do so, in a laboratory setting if needed, all evidence recovered from the aforementioned evidence

3. **Upon execution of this Warrant, you shall leave an inventory of the items seized, together with a copy of this Warrant, Application, and supporting Affidavit (unless previously sealed by court order) with the person from whom the items are seized, or with the person in charge of the premises, or if neither of those persons is present, then in a conspicuous place on the premises.**
4. **You shall return this Warrant to me or, if I am not available, to any Judge of this Court within 10 days of the date of it's execution, along with verified inventory of the items seized.**
5. **If this Warrant is not executed within 15 days of it's issuance, it expires and shall become null and void.  This Warrant may be executed at anytime of the day or night.**

3:12 pm
_____
**DATE**

_____
**JUDGE'S SIGNATURE**

_____
Michael R. Pearson
**JUDGE'S PRINTED NAME**

**25**