IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No.: PX-18-631 |
| TAEYON WILLIAMS | * |

* * * * * *

## MOTION TO SUPPRESS TANGIBLE AND DERIVATIVE EVIDENCE

Taeyon Williams, defendant, by his undersigned counsel, hereby moves this Honorable Court to exclude from evidence the results of a search of his social media accounts, cell phone records, and his apartment in West Virginia. In support of the motion Mr. Williams states as follows:

1. Taeyon Williams is charged in a superseding indictment with Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §846.

2. On May 16, 2018, Corporal Kyle Simms of the Maryland State Police Department sought and obtained a warrant to search the contents of Mr. Williams' social media accounts and cell phone records.

3. In the affidavit section of the warrant(s), Corporal Simms provided details of an ongoing investigation into the disappearance and suspected murder of Noah Smothers. The information contained in the warrant with respect to Taeyon Williams is as follows: 1) that Taeyon Williams was "listed" as an occupant of 10301 Bristolwood Court; 2) that Taeyon Williams is believed to have helped dispose of Noah Smothers rental car; 3) that when a private investigator spoke with Taeyon Williams via telephone, that Williams denied knowing Noah Smothers and did not respond to the investigator

after he/she sent photos and 4) that according to Smothers parents, he (Smothers) was traveling to Maryland to participate in a cocaine deal with an individual named "Tae" and his uncle.

4. The information contained in the warrant with respect to Taeyon Williams is either a knowing or reckless disregard for the truth and/or provides an "insufficient factual basis as to the underlying alleged criminal conduct." United States v. Doyle, 650 F.3d 460, 462 (4th Cir. 2011).

5. "The fourth amendment bars search warrants issued on less than probable cause, and there is no question that time is a crucial element of probable cause. A valid search warrant may issue only upon allegations of "facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." United States v. McCall, 740 F.2d 1331, 1335-36 (4th Cir. 1984).

6. In order for the government to lawfully search Mr. Williams' social media accounts and cell phone records, there must be a sufficient nexus between the criminal conduct, the items to be seized, and the place to be searched. See United States v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988).

**WHEREFORE**, Defendant Taeyon Williams moves this Honorable Court to exclude from evidence the results of a search of his social media accounts and his cell phone records. Mr. Williams requests that this Court grant an order of Suppression on the grounds alleged herein, in any supplemental memoranda, and any other ground that may become apparent upon a hearing on the motion.

Respectfully submitted,  
___/s/_____  
Alfred Guillaume III, Esq. (Bar #30117)

*Counsel for Defendant*  
*Taeyon Williams*

Law Offices of Alfred Guillaume III, LLC  
6305 Ivy Ln. Ste. 700  
Greenbelt, MD 20770  
301-377-2158  
ag3law@gmail.com

## REQUEST FOR A HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on this Motion.

___/s/_____  
Alfred Guillaume III, Esq. (Bar #30117)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this of March, 2021, a copy of the foregoing Motion was served electronically via ECF to: Office of the United States Attorney, and all defense counsel.

___/s/_____  
Alfred Guillaume III