WDM/DJB/DJD: USAO 2018R00788

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | *    **CRIMINAL NO. PX-18-631** |
| **v.** | * |
| | *    **(Conspiracy to Distribute and Possess** |
| **SCOTT ANTHONY WILLIAMS and** | *    **with Intent to Distribute Controlled** |
| **TAEYAN RAYMOND WILLIAMS,** | *    **Substances, 21 U.S.C. § 846;** |
| | *    **Conspiracy to Interfere with Interstate** |
| **Defendants** | *    **Commerce by Robbery and Extortion,** |
| | *    **18 U.S.C. § 1951(a); Interference with** |
| | *    **Interstate Commerce by Robbery and** |
| | *    **Extortion, 18 U.S.C. § 1951(a);** |
| | *    **Kidnapping with Death Resulting, 18** |
| | *    **U.S.C. § 1201; Possess, Use, Carry and** |
| | *    **Brandish a Firearm During and in** |
| | *    **Furtherance of a Crime of Violence and** |
| | *    **Drug Trafficking Crime, 18 U.S.C.** |
| | *    **§ 924(c); Possession with Intent to** |
| | *    **Distribute Controlled Substances, 21** |
| | *    **U.S.C. § 841; Conspiracy to Destroy** |
| | *    **and Conceal Evidence, 18 U.S.C.** |
| | *    **§ 1512(c)(1) and (k); Aiding and** |
| | *    **Abetting, 18 U.S.C. § 2; Forfeiture,** |
| | *    **18 U.S.C. § 924(d), 18 U.S.C.** |
| | *    **§ 981(a)(1)(C), 21 U.S.C. § 853,** |
| | *    **28 U.S.C. § 2461(c))** |
| | * |

******

## SECOND SUPERSEDING INDICTMENT

### COUNT ONE
**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Second Superseding Indictment:



1.      Defendant **SCOTT ANTHONY WILLIAMS ("S. WILLIAMS")** resided in a single-family home in Laurel, Maryland (hereinafter "Bristolwood Court").

2.      Defendant **TAEYAN RAYMOND WILLIAMS** ("T. WILLIAMS") was **S. WILLIAMS**'s son. **T. WILLIAMS** had a bedroom at Bristolwood Court and sometimes resided at the home. **T. WILLIAMS** also resided in the area of Morgantown, West Virginia.

3.      Victim-1 was a resident of New York and also rented a residence in Pennsylvania. Victim-1 sold marijuana and marijuana products wholesale at college campuses on the east coast from at least 2017 until his disappearance on or about April 6, 2018, when it is here alleged that he was robbed, extorted, kidnapped, and murdered by **S. WILLIAMS** and **T. WILLIAMS**. Victim-1's body has never been recovered.

4.      Person-1 was a resident of California who arranged for the shipment to Victim-1 of marijuana and marijuana-products (including, for example, edible marijuana products and THC vape pens used to smoke marijuana) from California to locations in New York and Maryland.

5.      Beginning no later than October 2017 and continuing until Victim-1's disappearance and murder on or about April 6, 2018, Victim-1 sold and distributed marijuana and marijuana products he obtained from Person-1 to **S. WILLIAMS** and **T. WILLIAMS**, and to the defendants' associates and family members. **S. WILLIAMS** and **T. WILLIAMS** sold and distributed the marijuana and marijuana products obtained from **Victim-1** to other distributors for resale and to end drug users. **S. WILLIAMS** and **T. WILLIAMS** also sold and distributed cocaine to Victim-1, who then sold and distributed that cocaine to other distributors for resale and to end drug users.

6.      Associate-1 was a resident of Columbia, Maryland, who purchased controlled substances from defendants **S. WILLIAMS** and **T. WILLIAMS**.

7.      Associate-2 was a resident of College Park, Maryland, who purchased controlled substances from defendants **S. WILLIAMS** and **T. WILLIAMS**.

### Victim-1's Jessup Storage Facility

8.      Victim-1 rented a storage unit at a storage facility in Jessup, Maryland (the "Jessup Storage Facility").  Victim-1 secured in the Jessup Storage Facility items related to his drug trafficking, including marijuana and marijuana products that Victim-1 received from Person-1.

9.      The Jessup Storage Facility was fenced and gated and clients of the storage facility, including Victim-1, were provided with a personal identification number ("PIN") to open the entry gate at the facility and access their storage units.  The individual storage unit rented to Victim-1 was further secured by another means such as a padlock or combination lock.

10.      In or about early April 2018, Person-1 shipped approximately 200 pounds of marijuana and marijuana products in unique packaging and with an estimated value of approximately $200,000 from California to the Jessup Storage Facility.

### The Charge

11.      Beginning no later than August 2016 and continuing through at least on or about June 6, 2018, in the District of Maryland and elsewhere, the defendants,

**SCOTT ANTHONY WILLIAMS and**
**TAEYAN RAYMOND WILLIAMS,**

did knowingly combine, conspire, confederate, and agree with each other, Victim-1, and others, known and unknown to the Grand Jury, to distribute and possess with the intent to distribute controlled substances including: (i) a mixture and substance containing a detectable amount of

cocaine, a Schedule II controlled substance; and (ii) a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### Overt Acts

12.    In furtherance of the conspiracy and to effect the objects thereof, the defendants and others committed the following acts within the District of Maryland and elsewhere.

a.    In or about early April 2018, Victim-1 planned to meet **S. WILLIAMS** and **T. WILLIAMS** in Maryland to discuss monies the defendants owed to Victim-1 and to provide the defendants with marijuana and marijuana products.

b.    On or about April 3, 2018, **S. WILLIAMS** rented a Nissan Altima bearing a Massachusetts tag.

c.    On or about April 5, 2018, at approximately 1:08 p.m., Person-1 caused a driver from the shipping company to enter the Jessup Storage Facility and deliver numerous large boxes containing marijuana and marijuana products to Victim-1's storage unit.

d.    On or about April 5, 2018, Victim-1 traveled in a rented Kia Sportage bearing an Ohio tag from Pennsylvania to the Jessup Storage Facility, where Victim-1 accessed his storage unit.

e.    On or about April 5, 2018, at approximately 10:00 p.m., Victim-1 checked into a short-term rental property in Baltimore, Maryland.

f.    On or about April 6, 2018, at approximately 7:51 a.m., Victim-1 returned to the Jessup Storage Facility, accessed his storage unit, and returned to Baltimore.  Later that day, Victim-1 travelled south from Baltimore toward Laurel, Maryland.

g.      On or about April 6, 2018, at approximately 1:32 p.m., location data reflects that Victim-1 was approximately 1.5 miles from Bristolwood Court.

h.      On or about April 6, 2018, at approximately 1:52 p.m., Victim-1 saved a note to his AOL account, subject: "Tae gave 5900 plus 4 wgs."  The note was part of a ledger or accounting of controlled substances (including marijuana) that Victim-1 sold to **T. WILLIAMS** and monies due and owing to Victim-1 from **T. WILLIAMS**.

i.      On or about April 6, 2018, **S. WILLIAMS** and **T. WILLIAMS** murdered and caused to be murdered Victim-1 and disposed of, and caused to be disposed, Victim-1's body.  A Sig Sauer, Model P228, 9 mm handgun, bearing serial number B188194 was used during and in relation to Victim-1's murder.

j.      On or about April 6, 2018, at approximately 3:59 p.m., **T. WILLIAMS** arranged for a ride-share driver to pick him up at Bristolwood Court and to drive him to Associate-1's home in Columbia, Maryland.

k.      On or about April 6, 2018, at approximately 4:04 p.m., **T. WILLIAMS** texted Associate-2, who resided in College Park, Maryland, "I got your pens" (referring to THC vape pens).   According to text data, Associate-2 had been wanting "pens" from **T. WILLIAMS** for over a month.

l.      On or about April 6, 2018, at approximately 4:37 p.m., **T. WILLIAMS** arrived at Associate-1's residence in Columbia, Maryland.  **T. WILLIAMS** showed Associate-1 new "product," which included marijuana similar to that which had been shipped to Victim-1's Jessup Storage Facility.  Associate-1 then agreed to drive **T. WILLIAMS** to a shopping center located in Tyson's Corner, Virginia.

m.      On or about April 6, 2018, during the drive to Tyson's Corner,

**T. WILLIAMS** and **S. WILLIAMS** exchanged four telephone calls, which took place between approximately 7:06 p.m. and 7:47 p.m.  According to cellular location data, during the call at 7:06 p.m., **T. WILLIAMS**'s cell phone was in the vicinity of Jessup Maryland.

n.      On or about April 6, 2018, at approximately 7:17 p.m., **T. WILLIAMS** entered a note into his phone with the address of Victim-1's Jessup Storage Facility.

o.      On or about April 6, 2018, between 7:59 p.m. and 8:08 p.m., internet searches for Victim-1's Jessup Storage Facility were conducted on a home computer at Bristolwood Court.

p.      On or about April 6, 2018, at approximately at 8:37 p.m., **S. WILLIAMS** drove, and caused to be driven, to the entrance of the Jessup Storage Facility the rented Nissan Altima.  **S. WILLIAMS** used, and caused to be used, Victim-1's PIN to open the front gate of the Jessup Storage Facility.  The Altima left the facility a short time later.

q.      On or about April 6, 2018, at approximately 9:16 p.m., **T. WILLIAMS** arranged a ride-sharing service to take him from Tyson's Corner, Virginia, to College Park, Maryland.

r.      On or about April 7, 2018, at approximately 4:38 a.m., conspirators including **S. WILLIAMS** drove, and caused to be driven, Victim-1's Kia Sportage into a parking lot in Baltimore, Maryland.  Victim-1's Kia Sportage was followed closely by another individual driving **S. WILLIAMS**'s rented Nissan Altima.

s.      On or about April 7, 2018, between approximately 4:38 a.m. and 4:44 a.m., conspirators including **S. WILLIAMS** parked Victim-1's Kia Sportage, got out of it, wiped it down with a rag, and then entered **S. WILLIAMS**'s rented Nissan Altima, which then left the

parking lot. Victim-1's blood and DNA later were recovered from the rear bumper, lift gate, passenger-side rear door frame, and trunk carpeting of the abandoned Kia Sportage.

        t.      On or about April 7, 2018, at approximately 9:04 p.m., **S. WILLIAMS** again drove, and caused to be driven, his rented Nissan Altima to the entrance of the Jessup Storage Facility and entered Victim-1's PIN to open the facility gate. The Nissan Altima was denied access because the facility had closed four minutes earlier, at 9:00 p.m.

        u.      On or about April 8, 2018, at approximately 8:31 p.m., **S. WILLIAMS** drove, and caused to be driven, for a third time, **S. WILLIAMS**'s Nissan Altima to the Jessup Storage Facility and used Victim-1's PIN to open the facility gate. A sensor on Victim-1's storage unit reflects that the unit was accessed at approximately 8:33 p.m. The Altima left the Jessup Storage Facility shortly thereafter with Victim-1's property, including Victim-1's marijuana and marijuana products.

        v.      From on or about April 6, 2018, to June 6, 2018, **S. WILLIAMS** and **T. WILLIAMS** secreted the marijuana and marijuana products obtained from Victim-1 and Victim-1's Jessup Storage Facility in various locations throughout Bristolwood Court.

        w.      Between April 6, 2018 and June 6, 2018, **S. WILLIAMS** and **T. WILLIAMS** attempted to and did profit from the murder of Victim-1 and from the marijuana and marijuana products taken and obtained from Victim-1, including through (i) the sale and distribution of the marijuana and marijuana products taken and obtained from Victim-1, and (ii) **T. WILLIAMS**'s attempt to become the local "connect" for Person-1 in relation to the receipt and distribution of marijuana and marijuana products from California.

21 U.S.C. § 846

## COUNT TWO
### (Conspiracy to Interfere with Interstate Commerce by Robbery and Extortion)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1.      Paragraphs 1 through 10 and 12(a)-(u) of Count One are incorporated here.

2.      The trafficking, sale, and distribution of controlled substances was an activity that affected interstate commerce.

### The Charge

3.      From on or about April 3, 2018, to on or about April 8, 2018, in the District of Maryland and elsewhere, the defendants,

**SCOTT ANTHONY WILLIAMS and
TAEYAN RAYMOND WILLIAMS,**

did knowingly combine, conspire, confederate, and agree between each other, and with other persons known and unknown to the Grand Jury, to obstruct, delay, and affect commerce and the movement of an article and commodity in commerce by robbery and extortion, as those terms are defined in 18 U.S.C. § 1951, by:

a.      the unlawful taking and obtaining of personal property from the person and in the presence of Victim-1—including marijuana, marijuana products, money, a cellular device, a PIN for Victim-1's storage unit, Victim-1's Kia Sportage, and other items that were in Victim-1's possession—against Victim-1's will, by means of actual and threatened force, and violence, and fear of injury, immediate and future, to Victim-1's person and property; and

b.      the obtaining of property from Victim-1—including marijuana, marijuana products, money, a cellular device, a PIN for Victim-1's storage unit, Victim-1's

Kia Sportage, and other items that were in Victim-1's possession and stored at the

Jessup Storage Facility—with Victim-1's consent, induced by wrongful use of

actual and threatened force, violence, and fear.

18 U.S.C. § 1951(a)

## COUNT THREE
### (Interference with Interstate Commerce by Robbery and Extortion)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1.      Paragraphs 1 through 10 and 12(a)-(u) of Count One and Paragraph 2 of Count

Two are incorporated here.

### The Charge

2.      On or about April 6, 2018, in the District of Maryland, the defendants,

### SCOTT ANTHONY WILLIAMS and
### TAEYAN RAYMOND WILLIAMS,

did knowingly and unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and

affect, commerce by robbery and extortion, as those terms are defined in 18 U.S.C. § 1951, by:

a.      the unlawful taking and obtaining of personal property from the person and in the

presence of Victim-1—including marijuana, marijuana products, money, a

cellular device, a PIN for Victim-1's storage unit, Victim-1's Kia Sportage, and

other items that were in Victim-1's possession—against Victim-1's will, by

means of actual and threatened force, and violence, and fear of injury, immediate

and future, to Victim-1's person and property; and

b.      the obtaining of property from Victim-1—including marijuana, marijuana

products, money, a cellular device, a PIN for Victim-1's storage unit, Victim-1's

Kia Sportage, and other items that were in Victim-1's possession and stored at the

Jessup Storage Facility—with Victim-1's consent, induced by wrongful use of

actual and threatened force, violence, and fear.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT FOUR
### (Kidnapping with Death Resulting)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1.      Paragraphs 1 through 10 and 12(a)-(u) of Count One and Paragraph 2 of Count Two are incorporated here.

### The Charge

2.      On or about April 6, 2018, in the District of Maryland and elsewhere, the defendants,

### SCOTT ANTHONY WILLIAMS and
### TAEYAN RAYMOND WILLIAMS,

did unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away Victim-1, and held

Victim-1 for ransom, and reward, and otherwise for any reason that was of benefit to the

defendants—including but not limited to (a) to gain access to Victim-1's storage unit, (b) to

avoid paying a debt owed by the defendants to Victim-1, and (c) to become the local

intermediary for shipments of marijuana from Person-1 in California—when a defendant used a

means, facility, and instrumentality of interstate commerce—that is, a cell phone, the internet,

and a rental vehicle—in committing and in furtherance of the commission of the offense, which

conduct resulted in the death of Victim-1.


18 U.S.C. § 1201(a)(1)
18 U.S.C. § 2

**COUNT FIVE**
**(Possess, Use, Carry, and Brandish a Firearm During and in Furtherance**
**of a Crime of Violence and Drug Trafficking Crime)**

The Grand Jury for the District of Maryland further charges that:

**Introduction**

1.      Paragraphs 1 through 10 and 12(a)-(u) of Count One and Paragraph 2 of Count

Two are incorporated here.

**The Charge**

2.      On or about April 6, 2018, in the District of Maryland, the defendants,

**SCOTT ANTHONY WILLIAMS and**
**TAEYAN RAYMOND WILLIAMS,**

did knowingly:

      a.      use, carry, and brandish a firearm—that is, a Sig Sauer, Model P228, 9

mm handgun bearing serial number B188194—during and in relation to a crime of violence and

a drug trafficking crime—namely, Conspiracy to Distribute and Possess with Intent to Distribute

Controlled Substances, as charged in Count One; Interference with Interstate Commerce by

Robbery, as charged in Count Three; and Kidnapping with Death Resulting, as charged in Count

Four; and

      b.      possess and brandish said firearm in furtherance of a crime of violence and

a drug trafficking crime—namely, Conspiracy to Distribute and Possess with Intent to Distribute

Controlled Substances, as charged in Count One; Interference with Interstate Commerce by

Robbery, as charged in Count Three; and Kidnapping with Death Resulting, as charged in Count

Four.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT SIX
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about June 6, 2018, in the District of Maryland, the defendants,

### SCOTT ANTHONY WILLIAMS and
### TAEYAN RAYMOND WILLIAMS,

did knowingly possess with the intent to distribute: (i) a mixture and substance containing a

detectable amount of cocaine, a Schedule II controlled substance; and (ii) a mixture and

substance containing a detectable amount of marijuana, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT SEVEN
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about June 6, 2018, in the District of Maryland, the defendant,

### SCOTT ANTHONY WILLIAMS,

did knowingly possess with the intent to distribute 500 grams or more of a mixture and substance

containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a

Schedule II controlled substance.


21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii)
18 U.S.C. § 2

**COUNT EIGHT**
**(Possession of Firearm in Furtherance of a Drug Trafficking Crime)**

The Grand Jury for the District of Maryland further charges that:

On or about June 6, 2018, in the District of Maryland, the defendant,

**SCOTT ANTHONY WILLIAMS,**

did knowingly possess firearms—that is, (1) a Sig Sauer, Model P228, 9 mm handgun, bearing

serial number B188194; (2) a Century Arms, model VZ2008 Sporter, 7.62-caliber rifle, bearing

serial number V08PM013368; (3) a Bryco Arms, Model J25, .38-caliber handgun, bearing serial

number 371085; and (4) a Beretta, Model 21a, .25-caliber handgun, bearing serial number

DAAO47571—all in furtherance of a drug trafficking crime for which he may be prosecuted in a

court of the United States—that is, Possession with the Intent to Distribute Controlled

Substances, as charged in Count Six and Count Seven.


18 U.S.C. § 924(c)(1)(A)(i)

## COUNT NINE
### (Conspiracy to Destroy and Conceal Evidence)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1.      Paragraph 1 of Count One is incorporated here.

### The Charge

2.      Between in or about June 6, 2018, and January 24, 2019, in the District of Maryland

and elsewhere, the defendant,

### SCOTT ANTHONY WILLIAMS,

did knowingly combine, conspire, confederate, and agree with at least one other person known

and unknown to the Grand Jury to, and to attempt to, corruptly alter, destroy, mutilate, and

conceal records, documents, and objects—that is, (1) methamphetamine pills, (2) iCloud data,

electronic data, and internet data, and (3) data stored on cellular telephones—with the intent to

impair the records, documents, and objects' integrity and availability for use in an official

proceeding.

### Overt Acts

3.      In furtherance of the conspiracy, and to effect the illegal objects thereof,

**S. WILLIAMS** and others performed, participated in, and committed the following acts, among

others, in the District of Maryland and elsewhere:

                a.      On or about June 6, 2018, members of the conspiracy attempted to flush

methamphetamine pills down the toilet while police were in the process of executing a search

warrant at **S. WILLIAMS's** residence on Bristolwood Court.

                b.      On or about June 8, 2018, **S. WILLIAMS** requested an associate to

"wipe" or remove data from **S. WILLIAMS**'s iCloud account.

   c.  On or about August 18, 2018, **S. WILLIAMS** attempted to obtain the cellular telephone of **T. WILLIAMS** for the purpose of concealing evidence within the device.

   d.  On or about January 24, 2019, **S. WILLIAMS** asked an associate to retrieve **S. WILLIAM**'s cellular telephone, which was located at Bristolwood Court, in a message that **S. WILLIAMS** passed to the associate through a handwritten note during a federal court proceeding.

18 U.S.C. § 1512(c)(1) & (k)

## FORFEITURE ALLEGATIONS

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. Rule 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c) in the event of the defendants' convictions under Counts One through Nine of this Second Superseding Indictment.

### Narcotics Forfeiture

2.      Upon conviction of any of the offenses alleged in Counts One, Six, and Seven of this Second Superseding Indictment, the defendants,

**SCOTT ANTHONY WILLIAMS and**
**TAEYAN RAYMOND WILLIAMS,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a): (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of any such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

**Robbery, Extortion, and Kidnapping Forfeiture**

3.      Upon conviction of any of the offenses alleged in Counts Two through Four of this Second Superseding Indictment, the defendants

**SCOTT ANTHONY WILLIAMS and
TAEYAN RAYMOND WILLIAMS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

**Firearms and Ammunition Forfeiture**

4.      Upon conviction of any of the offenses set forth in Counts Five and Eight of this Second Superseding Indictment, the defendant,

**SCOTT ANTHONY WILLIAMS and
TAEYAN RAYMOND WILLIAMS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offenses.

**Evidence Tampering Forfeiture**

5.      Upon conviction of the offense set forth in Count Nine of this Second Superseding Indictment, the defendant,

**SCOTT ANTHONY WILLIAMS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

**Property Subject to Forfeiture**

6.      The property to be forfeited pursuant to paragraphs 2 through 4 of this Forfeiture Allegation includes, but is not limited to, the following property recovered on or about June 6, 2018:

(1)      $213,573 in U.S. currency.

(2)      a Century Arms, model VZ2008 Sporter, 7.62-caliber rifle, bearing serial number V08PM013368;

(3)      a Sig Sauer, Model P228, 9 mm handgun, bearing serial number B188194, and approximately six rounds of ammunition contained in the magazine inserted therein;

(4)      a Bryco Arms, Model J25, .38-caliber handgun, bearing serial number 371085, and approximately six rounds of ammunition contained in the magazine inserted therein;

(5)      a Beretta, Model 21a, .25-caliber handgun, bearing serial number DAAO47571, and approximately eight rounds of ammunition contained in the magazine inserted therein;

(6)      three additional magazines for the Century Arms rifle containing approximately 78 rounds of 7.62x39 ammunition;

(7)      approximately 57 additional rounds of 7.62x39 ammunition;

(8)      one box of 9mm ammunition for the Sig Sauer handgun;

(9)      one box of .25 caliber ammunition for the Beretta handgun; and

(10)     an additional magazine containing two rounds of 5.56 caliber ammunition.

**Substitute Assets**

7.      If, as a result of any act or omission of the defendants, any such property subject

to forfeiture:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third person;

    c.      has been placed beyond the jurisdiction of the Court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be subdivided

    without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28

U.S.C. § 2461(c).


18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)


_Jonathan F. Lenzner_ / WDM
Jonathan F. Lenzner
Acting United States Attorney


A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson


Date: September 29, 2021