**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PX-18-631** |
| | * | |
| **SCOTT ANTHONY WILLIAMS, and** | * | |
| **TAEYAN RAYMOND WILLIAMS** | * | |
| | * | |
| **Defendants.** | * | |
| | ******* | |

<u>**GOVERNMENT'S MOTION IN LIMINE TO PROHIBIT**</u>
<u>**ALTERNATIVE SUSPECT EVIDENCE**</u>

The United States of America, by its undersigned counsel, hereby moves this Court in limine to preclude the defense from introducing evidence about, or questioning Government witnesses about, an individual identified for the purpose of this motion as N.J.[1] at the upcoming trial in the above captioned case because it would be irrelevant, unfairly prejudicial, and will confuse, and potentially mislead, the jury.

**I.      BACKGROUND**

The evidence will show that the victim, Noah Smothers ("Smothers"), and others were involved in the distribution and sale of marijuana at multiple locations, including college campuses on the east coast of the United States.  A co-conspirator of Smothers', who lived in California, would place an order for a quantity of marijuana with a producer/seller.  The producer/seller utilized a delivery service, which selected a storage facility where the marijuana would be delivered pursuant to the order.  The delivery service required the purchaser/recipient to rent a unit at the pre-selected storage facility and required the purchaser/recipient to provide the delivery service with access to the unit, including the electronic combination needed to enter the facility.

---

[1] Defense counsel and the Government are aware of N.J.'s true name.

The delivery service served multiple customers, not just Smothers' co-conspirator who lived in California.

To receive the marijuana shipments, Smothers was directed to rent a storage unit at a storage facility in Jessup, Maryland.  A delivery truck dropped off marijuana into Smothers' storage unit on April 5, 2018.  As part of the investigation into Smothers' disappearance, law enforcement discovered that N.J. was also directed to rent a storage unit at the same storage facility in order to receive marijuana shipments from the same delivery service.  A marijuana delivery was also made to N.J.'s storage unit by the same delivery truck on April 5, 2018.  N.J. and his older brother were later charged with a double murder that occurred in Towson, Maryland on April 8, 2018.  According to the investigation of that matter, the crime was part of an unrelated drug deal involving the sale of marijuana that had been delivered to N.J. on April 5, 2018.   In the investigation of that crime, no connection was made between N.J. or N.J.'s older brother and Smothers or N.J. or N.J.'s older brother and either of the defendants in this case.

## II.    LEGAL ANALYSIS

In cases where the defense seeks to introduce alternative suspect evidence, the Supreme Court stated the general rule in *Holmes v. South Carolina*, 547 U.S. 319 (2006), that "(e)vidence tending to show the commission by another person of the crime charged may be introduced by accused when it is inconsistent with, and raises a reasonable doubt of, his own guilt; but frequently matters offered in evidence for this purpose are so remote and lack such connection with the crime that they are excluded.  The accused may introduce any legal evidence tending to prove that another person may have committed the crime with which the defendant is charged .... Such evidence may be excluded where it does not sufficiently connect the other person to the crime, as, for example, where the evidence is speculative or remote, or does not tend to prove or disprove a

material fact in issue at the defendant's trial." *Id.* at 327 (internal citations omitted). "Before such testimony can be received, there must be such proof of connection with it, such a train of facts or circumstances, as tends clearly to point out such other person as the guilty party." *Id.* at 328.

In *Holmes,* the Supreme Court reversed a conviction where alternative suspect evidence was not permitted based on a state rule that only focused on the strength of the prosecution's case. The defense in *Holmes* was prohibited from introducing evidence that the alternative suspect was in the neighborhood at or around the time of the crime, and that he had made incriminating statements in regard to the crime. *Id.* at 323. The Supreme Court held that the focus in such cases was to be on the evidence sought to be admitted, applying the general rule stated above. *Id.* at 329-330; *see also Hester v. Ballard,* 679 Fed. Appx. 273, 283 (4th Cir. 2017) (unpublished) ("the admissibility of testimony implicating another person as having committed a crime hinges on a determination of whether the testimony tends to directly link such person to the crime, or whether it is instead purely speculative.")

Evidence of wholly separate and independent crimes committed by N.J. have no connection to the crimes for which the defendants are charged. N.J. is, and never has been, a suspect in the robbery, kidnapping, and murder of Noah Smothers. Furthermore, proof of N.J.'s crimes do not make it more or less probable that the defendants committed the crimes charged in this case. *See* Fed. R. Evid. 401(a). In addition to not being relevant, there is no link connecting N.J. to the robbery, kidnapping, and murder of Smothers. Additionally, any speculative probative value of crimes committed by N.J. is substantially outweighed by unfair prejudice, confusion of the issues and the potential for misleading the jury.

III.   **CONCLUSION**

For these reasons, and others to be raised at the hearing for this motion, the Government moves that the defense be prohibited from introducing any evidence of, or asking Government witnesses questions related to, matters concerning N.J.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:   _____
William D. Moomau
Leah B. Grossi
Assistant United States Attorneys
United States Attorney's Office
District of Maryland
6500 Cherrywood Lane, Suite 200
Greenbelt, MD  20770

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of September, 2022, the foregoing motion was filed electronically and thus served upon defense counsel.

William D. Moomau
Assistant United States Attorney