IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-18-631 |
| | * | |
| SCOTT ANTHONY WILLIAMS, and | * | |
| TAEYAN RAYMOND WILLIAMS | * | |
| | * | |
| Defendants. | * | |

*******

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT STATEMENTS OF VICTIM**

The United States of America, by its undersigned counsel, hereby moves this Court in limine to permit the Government to admit statements made by the decedent victim, Noah Smothers, before his death. As set forth below, these statements are admissible as hearsay exceptions under multiple rules of the Federal Rules of Evidence. The Government understands that the Court will may want to see and hear the evidence before making a decision on these matters, however the Government wanted to provide the Court and defense counsel notice of these matters before trial.

I.     **STATEMENTS OF FUTURE INTENT**

The Government anticipates that witnesses for the Government will testify that in the days leading up to his death, Noah Smothers ("Smothers") made statements that he was going to Maryland to meet with the defendants and/or the defendants' family. Fed. R. Evid. 803(3) allows for the admission of hearsay statements of a "declarant's then-existing state of mind (such as motive, intent, or plan)…" Courts have consistently held that statements of future intent are included within the 803(3) hearsay exception. *See United States v. Hanna*, 353 Fed. Appx. 806, 811 (4th Cir. 2009) (unpublished); *United States v. Badalmenti*, 794 F.2d 821, 825 (2nd Cir. 1986); *United States v. Lea,* 131 Fed. Appx. 320, 321-322 (2nd Cir. 2005) (unpublished); *United States*

1

*v. Bishop*, 291 F.3d 1100, 1110 (9th Cir. 2002); and *United States v. Smallwood*, 299 F. Supp. 2nd 578, 585 (E.D. Va. 2004).  Thus, any statements that Smothers made to witnesses that he intended to go to Maryland to meet with the defendants are admissible under Rule 803(3).

### II. CO-CONSPIRATOR STATEMENTS

The Government anticipates that witnesses for the Government will testify that Smothers and the defendants conspired with one another, and others, to buy, distribute, and sell controlled substances.  In furtherance of that witness testimony, the Government intends to introduce electronic data compiled by Smothers, which includes ledgers of controlled substance transactions, and persons who paid for and owed money to Smothers.  The Government anticipates that a witness will testify that among other things, Smothers kept an electronic record of controlled substance transactions, including amounts paid, amounts owed, and who paid and who owed.  The Government expects that a witness will testify that Smothers kept a separate ledger for transactions with the defendant Taeyan Williams and his family, and a separate ledger for other controlled substance purchasers.   The last entry made on Smothers' ledger related to the Williams family was made on or about the date Smothers was killed.  In that entry, Smothers indicated that "Tae gave 5900 plus 4 wgs….."

Under Rule 801(d)(2)(E) statements made by a party's coconspirator during, and in furtherance of, the conspiracy are not hearsay.  "To admit testimony under this rule, a court must conclude (1) that there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought and (2) that the statements at issue were made during the course of and in furtherance of that conspiracy." *United States v. Smith*, 441 F.3d 254, 261 (4th Cir. 2006). "A statement by a co-conspirator is made 'in furtherance' of a conspiracy if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect." *Id*. at

2

262. "Most courts, including the Fourth Circuit, 'construe the in furtherance requirement so broadly that even casual relationships to the conspiracy suffice to satisfy the exception.'" *Id.*

Smothers sold marijuana to Taeyan Williams, Scott Williams, and others. Taeyan Williams and Scott Williams would then distribute that marijuana to others. Smothers' drug ledgers, which kept track of what he sold, whom he sold it to, and amounts owed, was a document that was made in furtherance of the drug conspiracy between Smothers, the defendants, and others. Smothers and the defendants sold marijuana to make money. These drug ledgers were a necessary part of the conspiracy between Smothers, the defendants, and others, because they kept track of the supply and demand of their marijuana trafficking business.

In addition to being admissible as coconspirator statements, the drug ledgers are also admissible as present sense impressions, pursuant to Fed. R. Evid. 803(1), and business records, pursuant to Fed. R. Evid. 803(6). The drug ledgers were Smothers' explanation or description of drug transactions that had just happened. They were also business records that Smothers kept during the course of his regular practice of drug trafficking. *See United States v. McPartlin*, 595 F.2d 1321, 1349-1350 (7th Cir. 1979) (business records do not lose admissibility because of the illegality of the underlying business); *see also United States v. Foster*, 711 F.2d 871, 882 (9th Cir. 1983), *cert. denied,* 465 U.S. 1103 (1984) (ledgers of drug transactions admitted under F.R.E. 803(6)); *see also United States v. Cooper*, 868 F.2d 1505, 1514 (6th Cir. 1989) (ledger of a clinic, which was created to sell forged prescriptions, admitted under F.R.E. 803(6)).

In addition to the electronic ledgers, the Government also intends to introduce electronic communications between Smothers and Taeyan Williams relating to, among other things, the distribution of controlled substances. These communications show the knowledge and connection between Smothers and Taeyan Williams and are also communications between coconspirators.

3

Furthermore, the Government intends to introduce oral statements made by Smothers to other coconspirators related to Taeyan Williams and the distribution of controlled substances. These conversations likewise constitute communications between coconspirators in furtherance of the conspiracy to traffic controlled substances.

The Government anticipates that a witness may testify that during the robbery and kidnapping of Noah Smothers, a decision was made by the defendants to kill Smothers because of the fear that he would tell law enforcement about the crimes committed against him. Fed. R. Evid. 804(b)(6) provides a hearsay exception for declarant's statements offered against a party "that wrongfully caused-or acquiesced in wrongfully causing-the declarant's unavailability as a witness, and did so intending that result."  "[T]he primary reasoning behind this rule is to deter criminals from intimidating or taking care of potential witnesses against them. More generally, federal courts have recognized that the forfeiture-by-wrongdoing exception is necessary to prevent wrongdoers from profiting by their misconduct." *United States v. Gray*, 405 F.3d 227, 241–242 (4th Cir. 2005) (internal quotations omitted).  The Government contends that this exception (known as forfeiture by wrongdoing) will, in addition to the rules cited above, allow for the admission of the statements of Smothers described above.

### III.    CONCLUSION

For these reasons, and others to be raised at the hearing for this motion and at trial, the Government requests that statements made by the victim, Noah Smothers, be admitted at trial pursuant to the above cited provisions of the Federal Rules of Evidence.

|  |  |
|---|---|
| | Respectfully submitted, |
| | Erek L. Barron<br>United States Attorney |
| By: | _____<br>William D. Moomau<br>Leah B. Grossi<br>Assistant United States Attorneys<br>United States Attorney's Office<br>District of Maryland<br>6500 Cherrywood Lane, Suite 200<br>Greenbelt, MD  20770 |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of September, 2022, the foregoing motion was filed electronically and thus served upon defense counsel.

_____
William D. Moomau
Assistant United States Attorney