**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. PX-18-631** |
| | * | |
| **SCOTT ANTHONY WILLIAMS, and** | * | |
| **TAEYAN RAYMOND WILLIAMS** | * | |
| | * | |
| **Defendants.** | * | |
| | ******* | |

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT DEFENDANTS' STATEMENTS
TO THIRD PARTIES DURING JOINT TRIAL**

The United States of America, by its undersigned counsel, hereby moves this Court in limine to permit the Government to admit statements made by the defendants, Taeyan Williams and Scott Williams, at trial in the above captioned case. Specifically, the Government seeks to admit the recording of a jail call made by Taeyan Williams to a third party and statements made by Scott Williams to a third party that implicate him and Taeyan Williams in the robbery, kidnapping, and murder of the victim. The statements made by Taeyan Williams and Scott Williams are admissible as opposing party statements, are non-testimonial, and are not excluded under the Confrontation Clause or *Bruton*.

## I.      BACKGROUND ON DEFENDANTS' STATEMENTS

As part of discovery in this case, recorded jail calls made by the defendants were provided to the defense. The jail calls include recorded conversations of the defendants among themselves and with other persons. One of the recorded conversations was between Taeyan Williams and his mother on February 26, 2019, from the North Central Regional Jail in Greenwood, West Virginia. Before the call, law enforcement officers had met with Taeyan Williams at the jail. During the meeting, among other things, the officers showed Taeyan Williams still pictures from a recording

1

showing the victim's rental vehicle being parked at an apartment parking lot in Baltimore.  DNA testing later found that blood matching that of the victim was found in the rear of the vehicle.  The recording also showed persons who were present at the time.  The following is a draft transcript of a portion of the recorded call between Taeyan Williams ("TW") and his mother ("TH"):

> TW:   They showed me a picture on the video camera and like it definitely was not me and I mean they saying, I don't know they're purposely, they doing shit on purpose like I can't say who it looks like but you know who it look, I mean, I am going to just drop it, just drop it. Man I am not going to say anything else.  Let's just leave it but…
>
> TH:   Who was it in the camera?
>
> TW:   It wasn't me in the camera it was mistaken.
>
> TH:   Was it someone that look like you?
>
> TW:   Well who else would look like me mom?   Think about it.

In addition to the above jail call, the Government may be introducing voluntary statements made by Scott Williams to a civilian third party, who is not in law enforcement, where he implicated himself and Taeyan Williams in the robbery, kidnapping, and murder of the victim.

## II.        LEGAL ANALYSIS

Under Rule 801(d)(2) of the Federal Rules of Evidence an opposing party's statement is not hearsay.  Here, the recorded statement by Taeyan Williams, a party opponent is not hearsay. The same applies to the inculpatory statements made by Scott Williams, who is also a party opponent.

The introduction of the above-described statements of the defendants during a joint trial is also not a violation of the Sixth Amendment Confrontation Clause.  "The Confrontation Clause reaches only testimonial statements. Statements are testimonial when a reasonable person in the declarant's position would have expected his statements to be used at trial—that is, when the declarant would have expected or intended to bear witness against another in a later

proceeding.  Recorded phone calls from prison clearly are not testimonial *per se*." *United States v. Collins*, 577 F. App'x 180, 189 (4th Cir. 2014) (unpublished) (internal citations and quotations omitted).  *See also United States v. Jones*, 716 F.3d. 851, 856 (4th Cir. 2013) ("[b]ecause we are satisfied that the statements made … on the prison telephone calls were non-testimonial, their admission did not violate the Confrontation Clause.")  The statements of Scott Williams, which were made to a private citizen, were likewise non-testimonial and there are no Confrontation Clause issues with their use at trial either.

In *United States v. Dargan*, 738 F.3d 643 (4th Cir. 2013), the Fourth Circuit approved the admission of a co-defendant's statement to a third party that implicated the defendant on trial.  The co-defendant was not tried with Dargan and did not testify. The co-defendant's statement was introduced through the testimony of his cellmate.  The Fourth Circuit found the statements made by the co-defendant were non-testimonial and were not in violation of the Confrontation Clause. *Id.* at 651.  The Court also found that the statements made by the co-defendant to a third party that implicated the defendant were admissible under Rule 804(b)(3) of the Federal Rules of Evidence as statements against the defendant's interest and were corroborated by independent evidence. *Id.* at 650.

 In addition to not being a Confrontation Clause violation, the introduction of the defendant's non-testimonial statements at a joint trial is clearly not a *Bruton* violation.  *Bruton* "is simply irrelevant in the context of non-testimonial statements." *Id*. at 651.

In *United States v. Benson*, 957 F.3d 218 (4th Cir, 2020), the Fourth Circuit reviewed a district court conviction where three defendants were jointly tried and the evidence included inculpatory statements made by the defendants to various persons.  In addition to implicating the defendant making the statement, the defendants' statements to third persons also implicated their

co-defendants.  Following *Dargan*, the Fourth Circuit affirmed the convictions and found that the statements were properly admitted as statements of party opponents under Rule 801(d)(2) and as statements against interest under Rule 803(b)(3).  *Id.* at 229-234. The Court analyzed the testimony of the witnesses separately and where the statements were admitted under Rule 801(d)(2), the Court provided a limiting instruction that the statements were only to be considered as evidence against the defendant making the statement.  Where the statement was admitted as a statement against interest under Rule 804(b)(3), with sufficient corroboration, a limiting instruction was not required.  *Id.* at 233.

The Fourth Circuit cases cited above dealt with non-testimonial statements made by a co-defendant who was not on trial with the defendant.  A case on point, where a non-testimonial statement of a jointly tried defendant was introduced is *United States v. Catro-Davis*, 612 F.3d 53 (1st Cir. 2010).   In this case, the defendants were convicted of carjacking conspiracy, aiding and abetting carjacking that resulted in death, and carrying and using a firearm in connection with the carjacking.  At the joint trial, the Government introduced a recorded jail call of one of the defendants with his mother.  In the call, the defendant implicated his jointly tried co-defendant. *Id.* at 59. Consistent with the Fourth Circuit, the First Circuit in *Castro-Davis* held that the introduction of the recorded jail conversation that implicated the jointly tried co-defendant was neither a Confrontation Clause nor *Bruton* violation, because the recorded jail call was not testimonial. *Id.* at 65-66.

As stated above, the statements of the defendants are statements by party opponents and admissible against them during a joint trial.  In addition, however, the statements also qualify as statements against interest under Rule 804(b)(3).   Under this Rule, a statement is against a declarant's interests if a reasonable person in the declarant's position would have made the

4

statement only if he believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interests, or had so great a tendency to expose the declarant to civil or criminal liability. Fed. R. Evid. 803(b)(3)(A).

The statements by Taeyan Williams in the recorded call regarding the appearance of the person shown in the picture infer that he looked like the person who disposed of the victim's vehicle, and that he had knowledge of the persons who disposed of the victim's vehicle.  Under the circumstances, the statements made by Taeyan Williams constitute admissions against interest under Rule 804(b)(3).  In order to qualify as a statement against interest, the statement does not have to be a direct admission.  For example, statements by a declarant that codefendants had no knowledge of the scheme, or were not involved, have been construed as statements against the interest of the declarant. *See United States v. Brainard,* 690 F.2d 1117, 1123-1124 (4th Cir. 1982). The statements by Taeyan Williams in the recorded call regarding the appearance of the person shown in the picture, at a minimum, evidence his knowledge of the persons who disposed of the victim's vehicle and provides a tacit identification of a co-conspirator.  Furthermore, it can also be reasonably inferred by the statement as an admission that the person shown in the picture looks like Taeyan Williams.  Similarly, the statements made by Scott Williams to the private citizen third party are likewise statements against his interests because they directly implicate him and Taeyan Williams in the charged crimes.

Federal Rule of Evidence 804(b)(3)(B) requires that statements against interest be corroborated by circumstances that clearly indicate trustworthiness.  Corroborating circumstances here will include the following evidence:  Scott Williams rented the vehicle that was used to dispose of the victim's vehicle; blood of the victim was found in the back of the victim's vehicle; blood of the victim was found in a firearm seized from the defendants' home; marijuana stolen

from the victim was found in the defendants' home; communication between the defendants during the time of the robbery, kidnapping, and murder; Scott Williams made incriminating internet searches related to the storage facility where the victim stored his marijuana; and Taeyan Williams made incriminating entries into his cellphone related to the same storage facility. This evidence will provide corroboration and trustworthiness for the defendants' statements to be admitted as statements against interest without the need for a limiting instruction.

### III.    CONCLUSION

For these reasons, and others to be raised at the hearing for this motion, the statements made by Taeyan Williams during the recorded jail call and the statements made by Scott Williams to a third party are admissible at a joint trial of the defendants as statements of a party opponent, pursuant to Rule 801(d)(2), and statements against interest, pursuant to Rule 804(b)(3).

Respectfully submitted,

Erek L. Barron
United States Attorney

By:   William D. Moomau

William D. Moomau
Leah B. Grossi
Assistant United States Attorneys
United States Attorney's Office
District of Maryland
6500 Cherrywood Lane, Suite 200
Greenbelt, MD  20770

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of September, 2022, the foregoing motion was filed electronically and thus served upon defense counsel.

_____
William D. Moomau
Assistant United States Attorney