IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. PX-18-631 |
| | : | |
| TAEYAN RAYMOND WILLIAMS, | : | |
| | : | |
| **Defendant** | : | |

## DEFENDANT TAEYAN WILLIAMS' MOTION TO ADOPT SCOTT WILLIIAMS' MOTION IN LIMINE TO PRECLUDE REFERENCES TO NATIONAL ORIGIN AND IMMIGRATION STATUS

COMES NOW Defendant, Taeyan Williams ("Mr. Taeyan Williams"), by and through his counsel, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., and Alfred Guillaume, III, Law Offices of Alfred Guillaume III, LLC and respectfully moves to adopt the Motion *in Limine* of Co-Defendant Scott Williams (the "Motion") (ECF No. 144.) In support of this response, counsel state as follows:

1.  Scott Williams has moved to preclude the Government at trial from making reference to or soliciting testimony concerning his national origin and immigration status. (ECF No. 144.)

2.  Mr. Taeyan Williams respectfully requests to join in that motion.

3.  The Government has proffered in its pretrial filings and through discovery that several witnesses will testify that Noah Smothers, the alleged victim

1

in this case, associated with "Jamaicans" in Maryland and that he planned to meet those "Jamaicans" around the time of his disappearance.

4. Mr. Taeyan Williams is a Black American citizen of Jamaican heritage.

5. Mr. Taeyan Williams asserts that any attempt by the Government to portray him before the jury as a violent, angry, drug-dealing Jamaican man would impermissibly play into harmful tropes and infringe upon his Fifth Amendment rights to due process and equal protection and his Sixth Amendment right to a fair trial.

6. Additionally, this case involves allegations of interracial kidnapping and murder.

7. As the Fourth Circuit has summarized:

> The Supreme Court has long made clear that statements that are capable of inflaming jurors' racial or ethnic prejudices "degrade the administration of justice." *Battle v. United States*, 209 U.S. 36, 39, 28 S.Ct. 422, 52 L.Ed. 670 (1908). Where such references are legally irrelevant, they violate a defendant's rights to due process and equal protection of the laws—whether the remarks occur during the prosecution's presentation of evidence or argumentation. *See, e.g.*, *Bains v. Cambra*, 204 F.3d 964, 974 (9th Cir.2000); *United States v. Vue*, 13 F.3d 1206, 1212–13 (8th Cir.1994); *United States v. Doe*, 903 F.2d 16, 24–25 (D.C.Cir.1990); see also *McCleskey v. Kemp*, 481 U.S. 279, 309 & n. 30, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987). And the Supreme Court has taken pains to ensure that racial prejudice plays no role in jury deliberations in capital sentencing proceedings. *See, e.g., Turner v. Murray*, 476 U.S. 28, 36–37, 106 S.Ct. 1683, 90 L.Ed.2d 27 (1986) (holding that "a capital defendant accused of an interracial crime is entitled to have prospective jurors ... questioned on the issue of racial bias").

*United States v. Runyon*, 707 F.3d 475, 494 (4th Cir. 2013).

8.  In *United States v. Lawrence*, 47 M.J. 572, 574 (N-M. Ct. Crim. App. 1997), the Court reviewed a rebuttal closing argument in a criminal case in which counsel for the Government stated the following:

> *The only inconsistencies in this case are from **three Jamaican brothers*** and the lying PFC Barron. They are the ones with the reason to alter their testimony. They're all close friends. They're obviously close friends enough to get together and go over and do this, and they're worried about trying to make sure that one of their friends doesn't get hung for what he did and that PFC Barron changing his testimony through a sworn statement he made to NIS and what he tried to get from the sworn statement from the stand.

*United States v. Lawrence*, 47 M.J. 572, 574 (N-M. Ct. Crim. App. 1997) (emphasis in original). The U.S. Navy-Marine Corps Court of Criminal Appeals held that Government counsel's argument was improper. *Lawrence*, 47 M.J. at 575 ("We believe this error is both obvious and substantial, and can therefore not assume away any prejudicial impact on the jury's deliberations or on the public reputation, fairness, or integrity of the proceedings.") The Court also issued a warning to the Government: "The message from our decision should be clear. Trial counsel must avoid invocation of race in argument (and elsewhere in a proceeding) absent a logical basis for the introduction of race as an issue, and strong evidentiary support for its introduction. We recognize that two of the witnesses were asked by trial counsel to name their national origin. Despite the fact that both witnesses (and appellant)

indicated they were Jamaican, we fail to ascertain what such proof adds to the trial equation beyond the superfluous injection of race in this case." *Id.*

9. Given the seriousness of the charges in this case and the interracial nature of the alleged violent conduct, Mr. Taeyan Williams urges this Court to safeguard the fairness of these proceedings and prohibit any attempts to solicit testimony or offer argument referring to him as a "Jamaican." Neither national origin nor ethnicity is an element of an offense charged in this case. To the degree this Court concludes that evidence of Mr. Taeyan Williams' ethnic background is relevant, Mr. Williams respectfully argues that such evidence would be far more prejudicial than probative here.

10. Mr. Taeyan Williams also objects to any attempt to introduce evidence that his father Scott Williams, his Co-Defendant in the trial of this case, is a naturalized American citizen. Mr. Taeyan Williams would be unduly prejudiced by the introduction of evidence of his Co-Defendant's immigration status where, again, such evidence is not probative of an element of any charged offense. To the extent this Court intends to admit such evidence, Mr. Taeyan Williams argues that severance is required under Federal Rule of Criminal Procedure 14.

Wherefore, Mr. Taeyan Williams respectfully requests to join in Scott Williams' Motion *in Limine* (ECF No. 144).

Respectfully submitted,

s/_____
Michael E. Lawlor
Adam C. Demetriou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301-474-0044

_____/s/_____
Alfred Guillaume, III
Law Offices of Alfred Guillaume, III
1350 Connecticut Ave NW, Suite 700
Washington, DC 20036
202-321-0549

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2022, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland, via ECF.

s/_____
Michael E. Lawlor