## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. PX-18-631** |
| **SCOTT ANTHONY WILLIAMS and TAEYAN RAYMOND WILLIAMS,** | |
| **Defendants** | |

## PROPOSED JOINT VOIR DIRE[1]

1.      Ladies and Gentlemen, this is a criminal case in which the defendants, Scott Anthony Williams and Taeyan Raymond Williams, have been charged with six counts: (1) Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances; (2) Conspiracy to Interfere with Interstate Commerce by Robbery and Extortion; (3) Interference with Interstate Commerce by Robbery and Extortion; (4) Kidnapping with Death Resulting; (5) Possess, Use, Carry, and Brandish a Firearm During and in Furtherance of a Crime of Violence and Drug Trafficking Crime; and (6) Possession with Intent to Distribute Controlled Substances.  The defendant, Scott Anthony Williams, has also been charged with three additional counts: (1) Possession with Intent to Distribute Controlled Substances; (2) Possession of Firearm in Furtherance of a Drug Trafficking Crime; and (3) Conspiracy to Destroy and Conceal Evidence. The person who is alleged to be the victim of Counts Three, Four, and Five is Noah Smothers. Have you read or heard anything about this case from any source?

2.      Do you know, or have you had, any dealings with the defendants, Scott Anthony Williams or Taeyan Raymond Williams, or any of their friends, associates, or family members?

---

[1] The Defendants' proposed changes are in red text.

3.      Do you know, or have you had any dealings with, any of the following persons or members of their families:

      a.      Counsel for the United States of America, Assistant United States Attorney William Moomau and Assistant United States Attorney Leah Grossi;

      b.      Erek L. Barron, the United States Attorney for the District of Maryland, or any member of the United States Attorney's Office for the District of Maryland;

      c.      Maryland Department of State Police Corporal Kyle Simms;

      d.      Counsel for Scott Anthony Williams: Kwasi L. Hawks or Dwight Crawley;

      e.      Counsel for Taeyan Raymond Williams: Michael Edward Lawlor, Alfred Guillaume, III, or Adam Christopher Demetriou;

      f.      Me, my staff, or any employee of this Courthouse;

      g.      Anyone in the jury pool; or

      h.      The following people who may be witnesses in the case or who may be mentioned by various witnesses: **(A witness list will be provided prior to jury selection)**.

4.      This trial is estimated to take up to 17 days starting today.  We will sit from 9:30 a.m. to 5:00 p.m. Generally we will take one morning break and one afternoon break, each about 15 minutes, and an hour for lunch. We will not be sitting for trial on Friday, November 11, Thursday, November 24, or Friday, November 25, 2022.  Is there any reason why you cannot serve as a juror for these dates and times?

5.      Are you taking any medication that could affect your ability to pay full attention during trial?

6.      Do you suffer from any physical or mental illness or impairment that may make it difficult to sit as a juror?

7.      Are you fully vaccinated against COVID-19, meaning, at least 14 days have passed after receiving a second dose of a two-dose vaccine or 14 days have passed after receiving a single dose of a single-dose vaccine?[2]

8.      Do you have any difficulty understanding English such that it may make it difficult to follow the testimony in this case?

9.      Have you ever served as a juror for a grand jury or civil or criminal trial in any court?

10.     Have you, any member of your immediate family, or your closest associates ever been a witness for the prosecution or for the defense in a criminal case?

11.     Are you presently a party in any case pending in this or any other federal or state court?

12.     Have you or a member of your immediate family ever attended law school, received legal training, taken a paralegal course, or worked with a lawyer, law firm, in a courthouse or as a paralegal, legal secretary, or private investigator?

13.     Have you, any member of your family, or any close friends ever been employed by or sought employment with the United States Courts, the United States District Court for the District of Maryland, the United States Department of Justice, any United States Attorney's Office, any State's Attorney's Office, any other prosecutor's office, Maryland State Police, Drug

---

[2] Mr. Taeyan Williams requests that the Court address the matter of the vaccination status of prospective jurors at the Pretrial Conference.

Enforcement Administration, or any other court system or law enforcement agency, whether local, state, or federal?[3]

14.     Have you, any member of your family, or any close friends ever been employed by any organization or firm involved in criminal defense work?

15.     Have you, any member of your family, or any close friends ever been employed by state or federal court-related agency such as the Maryland Department of Parole and Probation, the United States Pretrial Service Office, the United States Probation Office and the U.S. Bureau of Prisons?

16.     Have you, any member of your family, or any close friends ever been involved in any legal dispute with the United States Government or any agency of the Government, including the Maryland State Police, or any state or local government?

17.     Do you have any opinions, favorable or unfavorable, about the Maryland State Police, Federal Bureau of Investigation, Drug Enforcement Administration, Maryland Department of Transportation Authority, New York State Police, Howard County Police Department, Montgomery County Police Department, any other law enforcement personnel, or the administration of criminal justice in the courts that would prevent you from rendering a fair and impartial verdict in this case? Objection to the question by Taeyan Williams.

18.     Do you have any opinions about prosecutors, law enforcement agents, or other law enforcement personnel, favorable or unfavorable, that would prevent you from rendering a fair and impartial verdict in this case? Objection to the question by Taeyan Williams.

---

[3] To the extent the Court permits the Government to introduce evidence of the Defendants' national origin, ethnicity, and immigration status, the parties are in agreement that this question should include a reference to prior employment with immigration authorities.

19.     Would you tend to give greater or lesser weight to the testimony of law enforcement witnesses simply because they work in law enforcement?

20.     You will be instructed not to use any device, including a computer, smart television, or smart telephone, to conduct any internet or social media search of any kind of research issues that arise in this case, legal or otherwise. Will you be able to comply with a court order such as this?

21.     During this trial, the defense may call witnesses.  Although the defendants have no obligation to call any witnesses, if they do, would you tend to give greater or lesser weight to the testimony of a defense witness simply because he or she is a defense witness?

22.     This case will involve the testimony of a witness who has been convicted of a crime and who has cooperated with law enforcement in exchange for the possibility of receiving a reduced sentence. Do you have any views about the use of such witness in connection with investigating crime or giving testimony at trial that may affect your ability to be fair and impartial in this case? Objection to the question by Taeyan Williams.

23.     In this case, there may be evidence that a person involved in this crime was born in Jamaica and is not a U.S. Citizen. Do you have any views about individuals from Jamaica, immigrants in general, or the government's immigration policies that may affect your ability to be a fair and impartial juror in this case? Objection to the question by Taeyan Williams and Scott Williams.  See Scott Williams' Motion in Limine (ECF No. 144) and Taeyan Williams' Motion to Adopt (ECF No. 151).

24.     In this case, there will be evidence about the use and distribution of controlled substances, including marijuana, cocaine, and methamphetamines. Do you have any views about

controlled substances, including the federal or state laws that prohibit the possession and sale of controlled substances, which may affect your ability to be a fair and impartial juror in this case?

25.     Do you have any views about violent crimes, drug crimes, or the government's enforcement of such crime that may affect your ability to be a fair and impartial juror in this case?

26.     Do you have any views or opinions, favorable or unfavorable, about witnesses who wear a mask or face shield while testifying that would make it difficult to be fair and impartial in this case?

27.     If you are selected to serve on the jury in this case, I will instruct you that you must decide this case based solely on the evidence or lack of evidence presented to you in this court, and you cannot consider anything that you have read about or have seen on TV or the movies. Would you have any difficulty following this instruction?

28.     Do you have religious, moral, or other beliefs that would make it difficult for you to judge the conduct of another person, or to reach a verdict as a juror?

29.     Do you have any attitudes or feelings with regard to race, ethnicity, religion, national origin, gender, or age that may prevent you from serving fairly and impartially as a juror in this case?

30.     Additional question proposed by Taeyan Williams and Scott Williams:  The alleged victim in this case is white, and the Defendants are black. Is there anything about this that would make it difficult for you to be fair and impartial?

31.     Have you, any member of your family, or any close friends ever been convicted of a crime, been accused of criminal conduct, or been the subject of a criminal investigation?

32.     Have you, any member of your family, or any close friends ever been the victim of a crime; a witness to a crime; or a witness for the prosecution or defense in any criminal trial?

33.     Do you, or any of your family members or close friends, belong to any group that advocates for a change in our criminal justice system or our criminal sentencing guidelines?

34.     In a criminal case, a defendant may choose to testify or may exercise his constitutional right not to testify. If a defendant does not testify, a jury cannot consider that fact, in any way, in reaching a decision as to whether a defendant is guilty or not guilty. Would a defendant's decision to testify or not to testify affect your ability to be fair and impartial while serving as a juror in this case?

35.     Additional question proposed by Taeyan Williams and Scott Williams:   A defendant is presumed innocent unless and until a jury unanimously finds him guilty beyond a reasonable doubt. Will you be able to apply this principle in considering the evidence in this case?

36.     At the close of the case, I will instruct you on the law that you are required to apply to the facts of this case.  Would you have any difficulty following my instructions on the law even if you disagree with any of them?

37.     If selected to serve as a juror in this case, you will be instructed that you are not to consider punishment in deciding whether the government has proven its case against the defendant. Would you have any difficulty following this instruction?

38.     Do you know of any other reason why you may not be able to serve with absolute impartiality to both sides as a juror in this case?

Date:                                          _____
                                               PAULA XINIS
                                               United States District Judge